| | |
|---|---|
| 1 | ROBERT H. PLATT (Cal. Bar No. 108533) |
| | NOEL S. COHEN (Cal. Bar No. 219645) |
| 2 | MANATT, PHELPS & PHILLIPS, LLP |
| | 1135 West Olympic Boulevard |
| 3 | Lost Angeles, CA 90064-1614 |
| | Telephone: (310) 312-4000 |
| 4 | Facsimile: (310) 312-4224 |
| | rplatt@manatt.com |
| 5 | noelcohen@manatt.com |
| 6 | *Attorneys for Plaintiff* |
| | TICKETMASTER L.L.C. |
| 7 | |
| | DAVID M. HUMISTON (Cal. Bar No. 90579) |
| 8 | EDWARD A. STUMPP (Cal. Bar No. 157682) |
| | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| 9 | 801 South Figueroa Street, 18th Floor |
| | Los Angeles, California 90017-5556 |
| 10 | Telephone: (213) 426-6900 |
| | Facsimilie: (213)-426-6921 |
| 11 | david.humiston@sdma.com |
| | edward.stumpp@sdma.com |
| 12 | |
| 13 | *Attorneys for Defendant* |
| | KROENKE SPORTS ENTERPRISES, LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company, | |
| Plaintiff, | CASE NO. 2:07-cv-01961-ER-PLAx |
| v. | **[PROPOSED] ADDENDUM TO STIPULATED PROTECTIVE ORDER** |
| KROENKE SPORTS ENTERPRISES, LLC, a Colorado Limited Liability Company, | |
| Defendant. | |

On December 11, 2007, this Court executed and entered a Stipulated Protective Order ("Order") between Plaintiff Ticketmaster L.L.C. ("Ticketmaster") and Defendant Kroenke Sports Enterprises, LLC ("KSE"). A true and correct copy of the Order is attached hereto as Exhibit A.

On November 13, 2007, Ticketmaster issued a subpoena out of the U.S. District Court for the District of Delaware to non-party Flash Seats Vertical Alliance, LLC ("FSVA") requesting the production of documents. As a condition to its production, FSVA has requested the Court enter this Addendum so all documents it produces are subject to the Order. Pursuant to FSVA's request, Ticketmaster, KSE and FSVA hereby stipulate as follows:

A.  This Addendum modifies the Order entered by the Honorable Edward Rafeedie on December 11, 2007, only as it relates to the production of documents and disclosure of information by FSVA in response to the November 13, 2007 subpoena.

B.  FSVA shall be deemed a "Producing Party" and a "Designating Party" pursuant to paragraph 2 of the Order to the extent necessary to afford FSVA all rights and protections for purposes of its production that are afforded to KSE or Ticketmaster under the Order. Accordingly, any document produced by FSVA shall be subject to the Order, with the following limited exceptions and/or alterations:

1.  Pursuant to paragraph 5 of the Order, any document produced by FSVA that is utilized as a deposition exhibit shall automatically retain the designation provided by FSVA (i.e. Confidential Information or Sensitive Confidential Information). Further, any portion of the deposition transcript that references or discusses the Confidential or Sensitive Confidential FSVA document or information shall also be deemed Confidential or Sensitive Confidential and cannot be re-designated without written approval by FSVA or a Court Order to be

entered only after reasonable notice to FSVA and an opportunity for FSVA to contest any such re-designation. Thus, the 20-day "waiver period" set forth in paragraph 5 of the Order shall not apply to FSVA documents or any deposition testimony related to FSVA documents.

2. Notwithstanding any provision to the contrary and pursuant to paragraphs 10 and 11 of the Order, Ticketmaster and KSE will provide FSVA with notice and an opportunity to review and approve proposed redactions to remove Confidential Information from documents produced by FSVA, pursuant to paragraph 10 of the Order. If circumstances dictate that: (1) Ticketmaster or KSE does not have sufficient time to provide such notice, (2) FSVA does not have sufficient time to review the proposed redactions in a timely manner, or (3) FSVA and Ticketmaster or KSE are unable to agree on the proposed redactions, the documents shall be filed under seal.

3. Paragraph 18 of the Order shall not apply to documents produced by FSVA.

4. Ticketmaster shall serve FSVA's counsel by fax or electronic mail with copies of the Trial Exhibit Lists (and all supplemental exhibit lists) for both Ticketmaster and KSE within three days after they are filed with the Court. In addition, if other FSVA Confidential Information (i.e., information produced by FSVA and designated as Confidential or Sensitive Confidential by FSVA) is intended to be used at trial that is omitted from the Trial Exhibit List (and supplemental lists) Ticketmaster and KSE shall provide FSVA with five days

written notice by fax or electronic mail of such other FSVA Confidential Information.

Agreed to by:

| /s/Noel S. Cohen | 1/09/2008 |
|---|---|
| Counsel for Ticketmaster L.L.C. | Date |

| /s/ | 1/10/2008 |
|---|---|
| Counsel for Kroenke Sports Enterprises, LLC | Date |

| /s/ | 1/09/2008 |
|---|---|
| Counsel for Flash Seats Vertical Alliance | Date |

SO ORDERED:

DATED 1/17/08

*Edward Rafeedie*

DISTRICT COURT JUDGE

41194057.1